UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62544-Civ-SCOLA

DANA FAHEY and JEROME PETRISKO,

    Plaintiffs,

vs.

AMERICAN HOME MORTGAGE
SERVICING, INC. and DEUTSCHE
BANK TRUST COMPANY AMERICAS,

    Defendants.

_____/

### ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Plaintiffs' Motion for Summary Judgment (ECF No. 22). Through the Motion, the Plaintiffs have moved for summary judgment on their statutory claim for a violation of the Real Estate Settlement Procedures Act and for civil theft. For the reasons explained in this Order, the Motion for Summary Judgment is denied.

### I.  BACKGROUND[1]

This lawsuit involves a dispute over the treatment of a surplus in the Plaintiffs' escrow account, associated with their home mortgage. Plaintiffs, Dana Fahey and Jerome Petrisko, husband and wife, accepted a loan that was secured by a mortgage on their home in Fort Lauderdale, Florida. Defendant Deutsche Bank Trust Company Americas is the current holder of Plaintiffs' note. Defendant American Home Mortgage Servicing, Inc. is the current loan servicer.

In November 2009, Fahey executed a loan modification agreement.[2] Through the loan modification agreement, Fahey borrowed an additional $119,414.28, which represented past due amounts and other charges that were outstanding. Of these newly borrowed funds, $40,807.47 was allocated to the Plaintiffs' escrow account, which was established for the purpose of ensuring the payment of taxes, insurance premiums, and other charges with respect to the

---

[1] The background facts come from the Defendants' Statement of Material Facts (ECF No. 29).

[2] It appears that Fahey alone entered into the loan modification. For purposes of discussing liability in this Order, there is no functional distinction between references to Fahey as opposed to referring to both Fahey and Petrisko.

mortgaged property. The Plaintiffs' escrow account balance was $73,139.41, after these additional funds were placed in the account. American Home Mortgage Servicing disbursed $48,080.58 from the Plaintiffs' escrow account in 2009 to cover taxes and insurance.

In October 2010, American Home Mortgage Servicing withdrew $39,095.46 from the Plaintiffs' escrow account and applied that same amount to the principal balance of the Plaintiffs' loan. Throughout the spring and summer of 2011, before this lawsuit was filed, the Plaintiffs contacted both Defendants numerous times requesting that the escrow surplus be refunded to them. The Defendants have refused to refund the escrow surplus to the Plaintiffs. It is the Defendants' position that these escrow surplus should not be refunded to the Plaintiffs, but rather should be applied to the principal balance, because the surplus is attributable to the loan modification agreement.

Through Count I of their Amended Complaint, the Plaintiffs have alleged that the Defendants violated Section 10 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2609 (2006) ("RESPA"). Counts II and III allege that the Defendants, respectively, committed civil theft by wrongfully withdrawing and converting the escrow surplus.

## II. LEGAL STANDARDS

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). Rule 56 requires a court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56[(c)] "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a

genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

### B. RESPA

1. <u>Limitation on requirement of advance deposits in escrow accounts</u>.

   A lender, in connection with a federally related mortgage loan, may not require the borrower . . . to deposit in any escrow account which may be established in connection with such loan for the purpose of assuring payment of taxes, insurance premiums, or other charges with respect to the property . . . an aggregate sum (for such purpose) in excess of a sum that will be sufficient to pay such taxes, insurance premiums and other charges . . . plus one-sixth of the estimated total amount of such taxes, insurance premiums and other charges . . . .

12 U.S.C. § 2609(a).

2. <u>Escrow accounts – shortages, surpluses, and deficiencies requirements</u>.

   For each escrow account, the servicer shall conduct an escrow account analysis to determine whether a surplus, shortage or deficiency exists. . . . . If an escrow account analysis disclosed a surplus, the servicer shall, within 30 days from the date of the analysis, refund the surplus to the borrower if the surplus is greater than or equal to 50 dollars ($50).

24 C.F.R. § 3500.17(f).

   3. *Duty of loan servicers to respond to borrower inquiries*.

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall . . . (A) make appropriate corrections in the account of the borrower . . . ; [or] (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes to the extent applicable, a statement of the reasons for which the servicer believes that account of the borrower is correct as determined by the servicer.

12 U.S.C. § 2605(e).

### III. DISCUSSION

   A. *RESPA Violation – Section 6 – 12 U.S.C. § 2605*.

Since Fahey has not pleaded a claim for the violation of Section 6 of RESPA, summary judgment cannot be entered on this issue. In moving for summary judgment, Fahey argues that the Defendants violated RESPA by failing to adequately respond to their written request for information relating to the servicing of their loan. (Mot. Summ. J. 7-9, ECF No. 22.) RESPA requires a loan servicer to respond to a borrower's "qualified written request" for information relating to the servicing of the loan. 12 U.S.C. § 2605(e). Specifically, in response to such an inquiry, a loan servicer must respond by either making the appropriate corrections to the borrower's account, or by providing the borrower with a written explanation that includes "a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer." 12 U.S.C. § 2605(e)(2).[3]

The requirement that loan servicers respond to borrower inquiries is found in Section 6 of RESPA, which was codified to 12 U.S.C. § 2605. As the Defendants have pointed out, the Plaintiffs have expressly not alleged a violation of RESPA Section 6. Instead, both the complaint and the summary judgment motion are focused on an alleged Section 10 violation. (Am. Compl. ¶¶ 31, 33, and p.12 (Wherefore Clause), ECF No. 12; *see also* Mot. Summ. J. 8-10, ECF No. 22.) The Plaintiffs have not moved for leave to amend their complaint. Since there is

---

[3] It appears from the evidence presented that Fahey's correspondences to American Home Mortgage Servicing (ECF Nos. 22-4 and 22-5) constitute qualified written requests under 12 U.S.C. § 2605(e)(1)(B). The Defendants argue that their response letter dated May 18, 2011 (ECF No. 22-6) constituted an adequate written explanation containing a statement of the reasons for which American believed the account was accurate. (Resp. 9, ECF No. 28.) The May 18, 2011 letter, however, merely contains a description of what happened to Fahey's escrow surplus; it does not provide any reasons for American's actions with respect to the escrow surplus.

no claim before the Court for a RESPA violation under 12 U.S.C. § 2605 (RESPA Section 6), the Court cannot grant summary judgment on this issue.

    B. *RESPA Violation – Section 10 – 12 U.S.C. § 2609*.

This Court cannot grant summary judgment on Fahey's claim under Section 10 of RESPA because there is no private right of action under this section of RESPA. Fahey argues that summary judgment should be granted against the Defendants for violating RESPA in failing to return their escrow surplus. (Mot. Summ. J. 7-9, ECF No. 22.) There is no factual dispute over what happened to the surplus from the Plaintiffs' escrow account – the Defendants did not return the money to Fahey, but rather applied it to the principal of the loan. (Defs.' Stmt. Material Fact ¶ 14, ECF No. 29.) However, the Defendants argue that there is no private right of action for the alleged violation.

Certain sections of RESPA contain express private rights of action. *See, e.g.*, 12 U.S.C. § 2605(f) (creating liability "to the borrower" for a violation of "any provision of this section"). Other RESPA provisions contain an express governmental right of action. *See, e.g.*, 12 U.S.C. § 2609(d) (creating a "civil penalty" to be enforced by the Secretary for a violation of subsection (c) of this section). Finally, there are some RESPA provisions that are silent on the matter of enforcement and rights of action. *See, e.g.*, 12 U.S.C. § 2609(a). Since some RESPA provisions contain an express right of private civil remedy, where a RESPA provision is silent on this issue it is deemed to not contain a right of private action. *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997).

Here, Fahey has alleged that the Defendants violated Section 10 of RESPA, codified at 12 U.S.C. § 2609(a). Section 2609(a) does not contain an express right of private civil remedy, and therefore it is deemed not to have a private right of action. *Collins*, 105 F.3d 1367-68. Accordingly, summary judgment cannot be entered in favor of Fahey on this count. More to the point, this count fails to state a claim upon which relief may be granted.

    C. *Civil Theft (Counts I & II)*.

Because there is a genuine issue over a material fact, summary judgment on Fahey's civil theft claims must be denied. Under Florida law, a plaintiff may recover treble damages in a civil lawsuit against a person who is liable for theft, robbery, or other related crimes. Fla. Stat. § 772.11 (2012). This statutory cause of action is referred to as a claim for civil theft. In opposition to Fahey's motion for summary judgment on the civil theft claims, the Defendants

argue that these claims are barred by the economic loss rule because this matter is governed by the parties' contract.[4]

While Fahey has presented no argument to refute this contention, the Court notes that "statutory causes of action are not limited by the economic loss rule." *Comptech Int'l, Inc. v. Milam Commerce Park, Ltd.*, 753 So. 2d 1219, 1223 (Fla. 1999). Specifically, claims for civil theft are *not* barred by the economic loss rule. *Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 543 n.3 (Fla. 2004). Accordingly, the Defendants' argument that Fahey's civil theft claim is barred by the economic loss rule is unavailing. However, the Defendants' argument that Fahey has not established criminal intent is more convincing.

"In order to establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent." *Fla. Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So. 2d 1059, 1060 (Fla. Dist. Ct. App. 2002). Summary judgment is usually not appropriate in a civil theft action because the determination whether a defendant had criminal intent should normally be left to the fact finder. *Am. Int'l Realty, Inc. v. Se. First Nat. Bank of Miami*, 468 So. 2d 383, 384 n.5 (Fla. Dist. Ct. App. 1985). While the Defendants did not return Fahey's escrow surplus to her, they did apply the escrow surplus to the principal balance of Fahey's loan. (Defs.' Stmt. Material Fact ¶¶ 9-10, ECF No. 29.) In light of the fact that Fahey's escrow surplus was credited to her, albeit not in the manner agreed to by the parties, it seems that Fahey will have a difficult time establishing the Defendants' criminal intent. Based on these facts, there is a genuine issue as to whether the Defendants had the requisite intent to *steal* Fahey's escrow surplus. Summary judgment on the civil theft claims is denied.

Although the Defendants also oppose summary judgment on Fahey's conversion claim, unjust enrichment claim, and the claim for equitable accounting, Fahey has not moved for summary judgment on these counts. The Defendants' arguments regarding these counts are superfluous.

---

[4] The parties' contract states that "[i]f there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA." (Mortgage Agreement 6, ECF No. 40-2.) RESPA requires that any escrow surplus over $50 be refunded to the borrower. 24 C.F.R. § 3500.17(f). It is undisputed that the Defendants did not refund the escrow surplus to Fahey. (Defs.' Stmt. Material Fact ¶ 14, ECF No. 29.)

## IV. CONCLUSION

Having considered the parties' arguments, the record, and the relevant legal authorities, and for the reasons explained above, it is **ORDERED** that the Plaintiffs' Motion for Summary Judgment (ECF No. 22) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on December 10, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*Counsel of record*