UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62544-Civ-SCOLA

DANA FAHEY and JEROME PETRISK

    Plaintiffs,

vs.

AMERICAN HOME MORTGAGE
SERVICING, INC. and DEUTSCHE
BANK TRUST COMPANY AMERICAS,

    Defendants.

_____/

## ORDER STRIKING PLAINTIFFS' JURY DEMAND

THIS MATTER is before the Court on the Defendants' Motion To Strike Jury Demand (ECF No. 30). The Defendants argue that the Plaintiffs waived their right to a jury trial as part of their mortgage agreement. The jury trial waiver reads: "**Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Mortgage ¶ 25, ECF No. 40-2.)

"A party may validly waive its Seventh Amendment right to a jury trial so long as waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys. Inc.,* 164 F. App'x. 820, 823 (11th Cir. 2006). Factors to be considered in determining whether a waiver was made knowingly and voluntarily include: "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel." *Oglesbee v. IndyMac Fin. Servs., Inc.*, 675 F. Supp. 2d 1155, 1157-58 (S.D. Fla. 2009) (quotation omitted). The ultimate question is "whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. W. United Life Assur. Co.,* 347 F.Supp.2d 1246, 1252 (M.D. Fla. 2004).

In the *Oglesbee* case, the court considered the exact same jury waiver language that is at issue in this matter. The court found that the waiver was conspicuous, and further found that the plaintiff had not presented any evidence to refute or counter most of the other factors to be

evaluated. *Oglesbee*, 675 F. Supp. 2d at 1158-59. In the absence of any evidence to the contrary, the court concluded that "[t]he waiver is not unconscionable, contrary to public policy, or unfair," and that the "Plaintiff intelligently, voluntary and knowingly waived his Seventh Amendment right to trial by jury." *Id.* at 1159. Other federal courts in Florida considering identical jury waiver language have reached the same conclusion. *See, e.g.*, *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012) (Dimitrouleas, J.); *Anderson v. Apex Fin. Group, Inc.*, No. 08-949, 2008 WL 2782684, at *1-2 (M.D. Fla. July 16, 2008); *Murphy v. Cimarron Mortg. Co.*, 06-2142, 2007 WL 294229, at *1-2 (M.D. Fla. Jan. 29, 2007).

The Plaintiffs present three challenges to the enforcement of the jury waiver provision. First, they argue that some of their causes of action are separate and apart from the mortgage, and are therefore outside of the scope of the jury waiver. (Resp. 3, ECF No. 35.) On this point, the Plaintiffs' reliance on *Jones v. Bank of Am., N.A.*, No. 12-419, 2012 WL 3065381 (M.D. Fla. July 27, 2012) is misplaced. In *Jones* the court concluded that the jury waiver provision in the plaintiff's mortgage had not waived his right to a jury trial in the lawsuit against his lender for an alleged violation of Florida's Consumer Collection Practices Act. The court concluded that the defendant had not demonstrated that the jury trial waiver encompassed the plaintiff's action for unlawful consumer collection practices. In this case, the Plaintiffs' claims clearly arise out of the mortgage agreement. Through this lawsuit, the Plaintiffs are seeking to recover the surplus funds from their mortgage escrow account. There is a paragraph in the Mortgage Agreement that addresses this precise event, *i.e.*, when there is an escrow surplus. Under any analysis, this lawsuit arises out of, and is related to, the Mortgage Agreement, and thus falls within the scope of the jury waiver provision.

The Plaintiffs next argument against enforcement is that they could not have made a knowing waiver of their right to a jury trial because, at the time when they signed the waiver, they were not aware of any of the material facts that led to this lawsuit. Essentially, the Plaintiffs argue that the jury waiver is unenforceable because when they signed the waiver provision they did not know that the Defendants would, one day in the future, wrongfully withhold their escrow surplus. This argument belies common sense. If this were the law, most or all waiver provisions in contracts would be unenforceable. Some of the main reasons parties contract with each other is to define their rights and responsibilities and to create parameters under which they will resolve potential, as yet unknown, disputes. Because many contract provisions, such as the jury

waiver clause here, set the stage for the resolution of future disputes it is not reasonable to require the parties to be aware of every material fact at the time of signing in order to enforce such a provision. Most or all of these material facts will not arise until sometime after the parties execute the contract. Accordingly, the Plaintiffs' argument that they did not know that the Defendants would one day wrongfully withhold their escrow surplus at the time when they executed the jury waiver provision, does not render the jury waiver provision unenforceable.

The Plaintiffs' final argument is that the Defendants to this action (the holder of their note, and the servicer of the mortgage) are not the same entities that they originally contracted with, but instead are their assignees. Here, the parties' Mortgage Agreement provides that the covenants and agreements contained in the Mortgage shall bind and benefit future successors and assignees. This argument is unconvincing.

Having considered the parties' arguments, the record, and the relevant legal authorities, this Court finds that the parties' jury waiver is not unconscionable, contrary to public policy, or unfair, and that the Plaintiffs intelligently, voluntary and knowingly waived their Seventh Amendment right to trial by jury. It is **ORDERED** that the Defendants' Motion To Strike Jury Demand (ECF No. 30) is **GRANTED**. The Plaintiffs' demand for jury trial is **STRICKEN**. This matter will remain on its current trial schedule, but will be called up for bench trial.

**DONE and ORDERED** in chambers, at Miami, Florida, on December 11, 2012.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*